THE STATE, DAVID N. ROPES, PROSECUTOR, v. THE ESSEX PUBLIC ROAD BOARD.

37 335
55 486
37 335
61 171

1. After a public improvement has been completed and the costs and expenses incurred, it is too late to apply for a writ of *certiorari* to review the preliminary proceedings in laying out the improvement.

A writ allowed on such reasons alone will be dismissed, and such reasons will be disregarded if assigned with other reasons.

2. A reference by the Essex road board, of an assessment for benefits, back to the appraisers for amendment in a matter of form, is not illegal.

3. The Essex road board commissioners are authorized to make compensation for injuries arising from a change in the grade of such avenues only as are constructed by them, and only such damages are to be included in the assessments for benefits.

4. Assessment set aside on authority of *The State, Kilburn, pros.,* v. *The Essex Public Road Board, ante p.* 273.

On *certiorari.*

Argued at June Term, 1874, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the plaintiff in *certiorari, J. N. Blake, T. N. McCarter* and *C. Parker.*

For the defendants, *John W. Taylor.*

The opinion of the court was delivered by

DEPUE, J.   The writ of *certiorari* in this case brings up " the proceedings of the Essex public road board, and of C. W. H. and others, assessors, in relation to two certain assessments, for benefits for the laying out of Park avenue, in the city of Orange," which assessments bear date, respectively, January 6th, 1873, and March 31st, 1873.   The writ was allowed on the 10th of July, 1873.

The first three reasons assigned for reversal are founded on alleged defects in the proceedings of the commissioners in laying out the avenue.

These objections cannot be entertained in this case.   The writ does not bring up the preliminary proceedings, or the proceedings prior to the assessments for the benefits.

The avenue was laid from the Newark city line, at the terminus of Fifth avenue, to the boundary line between the counties of Essex and Morris.   It was opened and graded from the Newark city line, through the township of East Orange, and the city of Orange, and laid with Telford pavement before the allowance of the writ.   After a public

improvement has been completed and the costs and expenses have been incurred in its construction, it is too late to apply for a writ of *certiorari* to review the preliminary proceedings in laying out the improvement. A writ allowed on such reasons alone may be dismissed on the argument as improvidently issued, and such reasons will be disregarded at the hearing, if assigned in connection with other reasons. *The State* v. *Hudson City*, 5 *Dutcher* 115; *The State* v. *Water Commissioners*, 1 *Vroom* 247; *The State, Hampson, pros.*, v. *Mayor, &c., of Paterson*, 7 *Vroom* 159. It was on this principle, probably, that the writ, as allowed in this case, is special in form, and was directed only to the proceedings in making the assessments.

The fourth and fifth reasons relate to the action of the board, in the ascertainment of the damages which were included in the assessment.

The fourth reason is, that the appraisement of damages was referred back to the appraisers, after it had been submitted by them to the commissioners. The report was not referred back for the purpose of having any material change made in it. It was "owing to the fact that, in some cases, the property taken was not specifically set forth and separated, in the award for land taken, showing how much for the land and how much for other property." The reference back was for correction in a mere matter of form. The assessors were required to make their report to the board, and it was the duty of the commissioners to hear objections that should be made by parties aggrieved, and, if any appeared to be well founded, to require the assessors to review their assessment and make a new report thereon. Furthermore, the approval of the appraisement by the commissioners was part of their duty under the act. *Supp.*, 1870, *p.* 189, § 13. A reference of the report back to the commissioners for amendment, in a matter of form, so as to enable parties aggrieved to present their objections, and the commissioners to hear them intelligently, was not illegal.

VOL. VIII. Y

The fifth reason is, that in the assessment of damages, costs and expenses, to meet which the assessment was made, were included damages which had been awarded to the owners of lands fronting on Day street, for the injury they had sustained by a change in the grade of that street. The amount was $1900. It was included in the aggregate of damages for which the assessment was made. In this respect the assessment is erroneous. The commissioners were authorized to make compensation for the alteration of the grade only on the avenues constructed by them, and it is only such damages for the alteration of grade that are to be estimated as part of the money necessary to pay the compensation directed to be made. *Acts*, 1869, *p*. 692, § 11; *Acts*, 1870, *p*. 184, § 4. The proportion of the over-assessment which was made against the prosecutors, by reason of this error, could easily be adjusted and remitted, if the assessment, in other respects, was legal.

The remaining reasons—sixteen in number—are directed against the assessment itself.

It will only be necessary, in this case, to consider the objection that it does not appear on the face of the report that the appraisers, in making their assessment for benefits, included all the lands in the locality which were benefited by the improvement. The validity of that objection is *res adjudicata*. In *The State, Kilburn, pros.*, v. *The Essex Public Road Board, ante p.* 273, this court held that a report of the assessment for benefits, in form precisely like that in the present case, was fatally defective, for that reason. That decision must rule this case.

The assessment must be set aside. A new assessment will be ordered under the act constituting the road board, if it contains a provision for a re-assessment. If it does not, commissioners will be appointed under the tenth section of the *certiorari* act. *Revision*, 1874, *p*. 51.